Mr. Justice Thacher
delivered the opinion of the court.
This is an appeal from a decree of the vice-chancellor of the northern district.
The bill is based upon allegations of fraud in a contract for the purchase of land, consisting in misrepresentations by the vendor both as to the quality and title. The bill likewise charges fraud in obtaining an award under arbitration upon matters connected with the original contract.
It is a well established position, that if a party has a knowledge that he has been defrauded, and yet subsequently confirms the original contract by making new agreements and engagements respecting it, he thereby waives the fraud and abandons his claim to equitable relief. 2 Ves. Sr. 126; 9 Ves. 364; Fonbl. Eq. 129, note r.
Roberts having given Edwards a bond to make a title to the lands embraced in the purchase, and Edwards conceiving he had just fears that Roberts would be unable to make him a title to the whole of the land embraced in the purchase, to wit, one hundred and twenty acres of land, the title to which was still in the government of the United States, instituted an action upon the title bond. Pending this action, the parties mutually agreed to submit to arbitration what amount of deduction of the original purchase-money should be allowed to Edwards in consideration of the premises. While this arbitration was proceeding, it was ascertained that the arbitrators were unable to agree upon a decision, and the parties then further agreed to divide *556 the difference that subsisted between the arbitrators. In accordance with this latter agreement an award was made allowing Edwards a deduction of $600 upon the original amount of his purchase-money. This award was duly recorded as a part of the action upon the title bond. It was however, insisted by Edwards that Roberts took undue means to procure the result of the arbitration by engaging the -Services of an arbitrator whose opinion he had ascertained was already favorable to his interests; but this is strenuously denied by Roberts in his answer, and is not substantiated by the evidence in the cause.
Whatever, therefore, may be the merits of the original position assumed by Edwards, respecting the charge of fraud having been practised upon him in the purchase, the fact of his having consented to abide by the result of an arbitration upon the matters in dispute, and above all the circumstance that he acted upon the award, however unwillingly, and gave a new note to Roberts in accordance with the terms of that award, constitute such a re-affirmance of the contract as was a virtual relinquishment of any right to relief which he might up to that time have possessed.
Decree affirmed.